UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
JUDGE NICHOLAS G. GARAUFIS



RONALD FILOCOMO,
    Petitioner,

Case No.: 02-307-CR-GARAUFIS

vs.

UNITED STATES OF AMERICA,
    Respondent.
_____/

PETITION FOR CONSIDERATION FOR RELEASE/REDUCTION
IN SENTENCE PURSUANT 18 U.S.C. §3582 and
PURSUANT POLICY STATEMENT 5050.49

REQUEST FOR APPOINTMENT OF COUNSEL

PETITION FOR EVIDENTIARY HEARING

                By:   Ronald Filocomo
                     #70097-053
                     FCI Miami
                     P.O. Box 779800
                     Miami, FL  33177-9800



COMES NOW, petitioner Ronald Filocomo, #70097-053, files this Motion for Consideration for Release/Reduction in Sentence, pro se, pursuant to 18 U.S.C. §3582(c)(1)(A)(i) and Program Statement 5050.49. Petitioner Filocomo is layman and not an expert in law, therefore humbly requests that this motion be allowed to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972); Tannebaum v. U.S., 148 F.3d 1262 (1998).

Revised Policy for Release/Reduction in Sentence (P.S. 5050.49) also provides specific criteria for non-medical Reduction in Sentence requests for elderly inmates who are 65 years or older. The Bureau of Prisons has revised its policy regarding compassionate Release/Reduction in Sentence on August 12, 2013. Title 18 U.S.C.S. §3582(c)(1)(A)(i), places authority upon the Bureau of Prisons, "to seek or NOT a sentence reduction," and "does not place any limits on what is ordinary and/or compelling reasons that might warrant such a reduction." In other words, the BOP has broad discretion to move the court for a sentence modification under §3582, and according to P.S. 5050.49. Petitioner Filocomo submits this Motion for Reconsideration for Release/Reduction in Sentence based on his age of 66 years (D.O.B. 5/12/1950), and on extraordinary and compelling medical criteria.

At the present time, Mr. Filocomo carries the following diagnoses:

1.) High Blood Pressure;
2.) Peptic Ulcer Disease (secondary to Non-Steroidal Anti-Inflammatory Pain medications;
3.) Gastro Esophageal Bleeding (requiring blood transfusions);
4.) Chronic Joint pains/Traumatic Arthritis of Multiple joints;
5.) Right Shoulder Rotator Cuff Tear with Impingement/ Traumatic Right Shoulder Degenerative Joint Disease with Chronic Pain;
6.) Chronic Right Shoulder Pain;
7.) S/P (Status Post) Right Knee Arthroplasty since 1979;
8.) S/P Right Femur O.R.I.F. (Open Reduction Internal Fixation) with hardware (plate) placement (1979);
9.) S/P Right Elbow O.R.I.F. (1979);
10.) Traumatic Brain Injury, secondary to head trauma (since 1979);
11.) S/P G.I. bleed, Twelve (12) S/P Blood Transfusions.

Because of his Chronic Joint Pains, Mr. Filocomo has been prescribed Gabapentin and multiple NSAIDS, Ibuprofen 800mg and Naproxen 500mg, which caused an acute upper gastrointestinal bleed, that required blood transfusions. On May 27th, 2016, Mr. Filocomo was transfused 2 units of Whole Blood and 2 Units of RBCs, at Jackson South Hospital, Miami, Florida. Besides receiving blood transfusions and G.I. evaluations, Mr. Filocomo has been taken to outside medical facilities more than twenty (20) times for evaluation of his right shoulder pain. Total Joint Replacement has been recommended by several orthopedists, but surgery has not been performed, in spite of his pain and failure to medical treatment with NSAIDS, which is one of the criteria for total joint replacement. Chronic pain and limited range of motion are indications for surgery.

Mr. Filocomo also has moderate to severe limited range of motion of his right shoulder; he is unable to raise his arm above his head and cannot touch his face with his right hand, nor comb his hair, brush his teeth or freely feed himself with his right arm. Limitations in range of motion and joint pain are usually progressive and will limit his overall functions, to the point he may not be able to care for himself without assistance from others.

Petitioner Filocomo asserts the fact that because of his multiple joint problems, he qualifies as a disabled person, as defined by 42 U.S.C.S. §12102(2)(A). However, Mr. Filocomo is not making a disability claim through this motion. Mr. Filocomo has been prescribed the following medications:

1.) Amlodipine 5mg, once daily for hypertension;
2.) Omeprazole 20mg, one twice daily for peptic ulcer disease;
3.) Gabapeutin 100mg, one three times daily for chronic pain;
4.) Ibuprofen 800mg, Naproxen 500mg, Aspirin 325mg (were all prescribed for pain, now are discontinued due to recent upper G.I. bleeding)

It is relevant and material to this Motion, to consider that the cost of Ronald Filocomo's care has been well above the average inmate of the same age. Presently as Mr. Filocomo awaits surgery for Right Shoulder Total Joint Replacement the

cost of his care will be well above of MOST B.O.P. inmates of any age group; even if the option of "open" versus arthroscopic surgery is considered.

Petitioner Filocomo humbly and respectfully requests that the Court take in consideration his post-conviction conduct, as he has participated in more than ninety (90) programs and is currently employed within the prison, and continues to complete programs. Mr. Filocomo asserts the fact he is a well-liked prisoner amongst inmates and staff, always friendly and willing to help others. He is said to be a model prisoner, as he has had NO disciplinary reports while in prison.

The Petitioner was sentenced at age fifty-three (53) years of age to 20 years imprisonment without parole and has an expected end of sentence in year 2020. (The first four years of his sentence was served in state prison). Mr. Filocomo's sentence is without possibility of parole, under 18 U.S.C. §§1962 and 1963.

In spite of years of imprisonment, petitioner Filocomo maintains close family ties with his wife and daughter. Should he be released, he plans to live with his wife, mother-in-law and daughter; he plans to seek full-time employment in order to support his family and attend to his medical problems on his own.

Ronald Filocomo, humbly and respectfully submits this Motion for Consideration for Release/Reduction in Sentence based on his age and on extraordinary and compelling circumstances, qualifying criteria and in the spirit of the Francois Holloway Doctrine. See United States v. Holloway, 68 F.Supp. 3d, 310 (E.D.N.Y. 2014), as the Holloway Doctrine recognizes that District Courts have the discretion, inherent in our American System of Justice, to subsequently reduce a defendant's sentence in the interests of fairness and compassion, "even after all appeals and collateral attacks have been exhausted (and like in this case), petitioner makes "neither a claim of innocence nor any defect in the conviction or sentence", even if the sentence imposed by the Court mandated by

law is "disproportionately severe."

Petitioner Filocomo not only fulfills the age criteria for P.S. 5050.49 as he is older than 65 years of age, but also compelling medical circumstances that merit the consideration of the B.O.P. and the Court for Release/Reduction in Sentence, as he faces moderate to severe joint pain, that has failed to respond to medical treatment (NSAID pain pills0 and has caused life-threatening complications that required blood transfusions. Mr. Filocomo's medical problems (namely, chronic pain and joint disfunction), compounded by the aging process, will impact his overall functioning tot he point where he may not be able to care for himself within the prison system (on a long-term basis), and will require assistance in grooming and dressing for example, in the near future.

Petitioner respectfully requests appointment of counsel and evidentiary hearing to properly present his qualifying criteria/medical evidence in support for his Petition for Release/Reduction in sentence pursuant 18 U.S.C. §3582(c)(1)(A)(i) and Program Statement 5050.49. (See copy of P.S. 5050.49).

Finally, Mr. Filocomo asserts the fact that he has served about three quarters, a substantial portion, of his sentence and humbly asks consideration for Release/Reduction in Sentence based on the B.O.P.'s Revised Policy on Compassionate Release (P.S. 5050.49) and in the Spirit of the Holloway Doctrine, relying on his age and medical condition.

Respectfully Submitted,

Ronald Filocomo
#70097-053
FCI Miami
P.O. Box 779800
Miami, FL 33177-9800

5

## CERTIFICATE OF SERVICE

I, Ronald Filocomo, #70097-053, majority, certify that a true and correct copy of the foregoing has been furnished via U.S. Postal Service, this 30th day of August, 2016, to:

> CLERK OF COURT
> EASTERN DISTRICT OF NEW YORK
> 225 CADMAN PLAZA EAST
> BROOKLYN, NY  11201
>
> AND
>
> RAUL ROMERO, WARDEN
> FCI MIAMI
> 15801 S.W. 137TH AVENUE
> MIAMI, FL  33177-9800

Respectfully Submitted,

Ronald Filocomo
#70097-053
FCI Miami
P.O. Box 779800
Miami, FL  33177-9800



U. S. Department of Justice

Federal Bureau of Prisons

*Federal Correctional Institution*

15801 SW 137th Ave.
Miami, FL 33177-1297

August 30, 2016

**SUBJECT:**  Filocomo, Ronald, Reg. No.: 70097-053
Chronological List of Psychology Group Participation
Federal Correctional Institution, Miami FL

### 2011 I CAN Graduate:

The Inmate Change & Alternative Network (I CAN) program is comprised of approximately 75 hours of reentry programming focused on learning prosocial thinking/values and gaining practical tools to prepare for a successful reentry into the community. Along with the psychoeducational groups, participants learn about civic responsibility through volunteering their time throughout the program.

### I CAN Groups Completed:

06-14-11 I CAN 8th Habit (based on the book "The 8th Habit" by
    Stephen Covey) (8 hrs)
01-15-10 I CAN 7 Habits (based on the book "The 7 Habits of Highly Effective
    People" by Stephen Covey) (10 hrs)
11-10-10 I CAN Living Free (13.5 hrs)
10-14-09 I CAN Criminal Thinking Errors (12 hrs)
04-27-09 I CAN Goals group (9 hrs)
09-10-08 Etiquette (8 hrs)

### Other Psychology Groups completed:

04-07-14 AA/NA Convicts in Recovery (12 hrs)
02-07-14 Convicts In Recovery (11 hrs)
03-05-13 Alcoholics Anonymous – English (12 hrs)
04-06-09 International Trade (10 hrs)
10-15-08 Business Etiquette (8 hrs)
08-09-08 Biofeedback (4 hrs)
06-30-08 Alternatives to Violence – Basic (3 day workshop)
03-23-07 Drug Education

Ronald Filocomo
Reg. No. 70097-053
FCI Miami
P.O. Box 779800
Miami, FL 33177

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP - 7 2016 ★
BROOKLYN OFFICE

August 30, 2016

Raul Romero, Warden
FCI Miami
15801 S.W. 137th Avenue
Miami, FL 33177

Re: Consideration for Release/Reduction in Sentence: Program Statement 5050.49

Honorable Warden Romero:

Along with this letter is a copy of Motion for Consideration for Release/Reduction in Sentence pursuant Program Statement/Revised Policy on Compassionate Release/Reduction in Sentence 5050.49 and Title 18 U.S.C. §3582(c)(1)(A)(i), which provides criteria for consideration for elderly inmates.

Pursuant to the provision of the Compassionate Release, Title 18 U.S.C. §3582(c)(1)(A)(i) states that "the Sentencing Court upon Motion of the Director of the B.O.P. may reduce the term of imprisonment" ... "after considering factors set forth in Section 3553(a), to the extent it finds that (i) the extraordinary and compelling reasons warrant such a reduction." (See 18 U.S.C. §3582).

"The Statute places on the B.O.P. the authority to seek or not a sentence reduction, but does not define or place ANY limits on what's extraordinary and compelling reasons that may warrant such a reduction." Therefore, the B.O.P. has full discretion in its decision to move this Court for Sentence Modification under §3582(c)(1)(A)(i).

This Motion is respectfully submitted for your consideration.

Respectfully,

*Ronald Fil[signature]*
Ronald Filocomo
#70097-053