UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-                                                          **ORDER**

                                                                   **02-CR-307 (NGG)**
RONALD FILOCOMO,

                    Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On March 25, 2005, the court sentenced Defendant Ronald Filocomo to 240 months imprisonment followed by 5 years of supervised release after he pleaded guilty to racketeering conspiracy relating to his involvement in the Bonanno organized crime family. (See Judg. (Dkt. 886); Superseding Indictment (Dkt. 566).) On September 7, 2016, Defendant, acting pro se, filed a motion with the court seeking "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Mot. for Release/Reduction in Sentence ("Mot.") (Dkt. 1068).)

Courts may not reduce an already-imposed term of imprisonment on the grounds of compassionate release except "upon motion of the Director of the Bureau of Prisons [(the "BOP")]." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Traynor, No. 04-CR-582 (NGG), 2009 WL 368927, at *1-2 (E.D.N.Y. Feb. 13, 2009); United States v. Iosifidis, No. 13-CR-170 (JFK), 2016 WL 3267329, at *2 (S.D.N.Y. June 9, 2016). "[C]ourts routinely dismiss motions for compassionate release pursuant to section 3582 when those motions are not brought by the Director of the BOP because it is within [its] sole discretion . . . to decide whether

1

or not to file such a motion." Stewart v. United States, No. 02-CR-395 (JGK), 2013 WL 4044756, at *5 (S.D.N.Y. Aug. 9, 2013) (collecting cases).[1]

Because the present motion for compassionate release is made by Defendant himself, rather than by the Director of the Bureau of Prisons on Defendant's behalf, the court may not reduce Defendant's sentence. Iosifidis, 2016 WL 3267329, at *2. Accordingly, Defendant's pro se Motion is DENIED. Since the court lacks jurisdiction to grant relief in the absence of a motion from the Director of the Bureau of Prisons, Defendant's request for counsel and an evidentiary hearing "to properly present his qualifying criteria/media evidence" in support of his Motion (see Mot. at 5) is DENIED as moot.

SO ORDERED.

Dated: Brooklyn, New York
September 28, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Defendant erroneously relies on the BOP's Program Statement 5050.46 to support his claim for relief. The Program Statement does not, however, give a defendant authority to bring a motion for compassionate release on his own behalf. Rather, Program Statement 5050.46 outlines the BOP's policies concerning the submission of motions for compassionate release on behalf of prison inmates. See U.S. Dep't of Justice Fed. Bureau of Prisons, Program Statement 5050.46 (2015), available at https://www.bop.gov/policy/progstat/5050_049_CN-1.pdf.