

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

SK:AT
F. #2021V01125

*271 Cadman Plaza East
Brooklyn, New York 11201*

August 20, 2021

<u>By ECF</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Ronald Filocomo</u>
     <u>Criminal Docket No. 1:02-307 (NGG)</u>

Dear Judge Garaufis:

  The government respectfully submits this letter in opposition to defendant Ronald Filocomo's motion for early termination of supervised release. (Dkt No. 1121). The Court should deny the defendant's motion because terminating his supervised release is not consistent with the sentencing factors in 18 U.S.C. § 3553(a).

 I. <u>Background</u>

  As Your Honor is aware, the defendant was an associate of the Bonanno organized crime family, a sophisticated and structured criminal organization whose sole goal was to generate money for its members and associates. Presentence Investigation Report ("PSR") ¶¶ 5, 6, 13. Between 1975 and 2003, the defendant, with others, engaged in a pattern of racketeering activity. <u>Id.</u> ¶ 14. Specifically, the defendant murdered Dominick "Sonny Black" Napolitano in the basement of the defendant's father's house. <u>Id.</u> ¶ 26. The defendant shot Napolitano in the head, killing him. <u>Id.</u> ¶ 26. The defendant was also involved in the murders of others. For example, the defendant, with others, "set up" Michael "Mikey Bear" Aiello to be murdered; Aiello was eventually shot in the street in the presence of the defendant. <u>Id.</u> ¶ 22. Between January 1985 and December 2002, the defendant also participated in an illegal gambling business involving the use of joker-poker type gambling machines. <u>Id.</u> ¶ 35.

  The defendant was arrested on May 30, 2003. On March 15, 2004, the defendant pleaded guilty to Count Two of a thirteen-count, sixteenth-superseding indictment. Count Two charged that between January 1975 and January 2003, the defendant, among others, engaged in a racketeering conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963. At that time, the defendant was serving an eight-year concurrent sentence in New Jersey state criminal

confinement. On March 25, 2005, Your Honor sentenced the defendant to 240 months' imprisonment followed by five years of supervised release. (Dkt. No. 886). The defendant was released from prison on June 12, 2020, and began supervision in Boynton Beach, Florida. At the time that the defendant filed his Motion for Early Termination of Supervised Release on July 12, 2021, he had served one year of the five years that this Court ordered.

II.     Probation Department's Position

The government spoke with the defendant's United States Probation Officer who indicated that although the defendant has maintained his compliance with probation, at this time, terminating probation is not appropriate because the defendant did not meet that office's criteria for early termination based on the instant offense involving violence and because the defendant has only completed one year of supervised release.

III.    The Government's Position

The Court should deny the defendant's motion for early termination of supervised release. A court may terminate a defendant's supervised release only after considering the relevant sentencing factors in 18 U.S.C. § 3553(a) and when early termination "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Courts do not order early termination of supervised release "as a matter of course." United States v. Bastien, No. 09-CR-205 (JFB) 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015) (quoting United States v. Fenza, No. 03-CR-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)) (internal quotation marks omitted). Rather, such relief may "[o]ccasionally" be justified by "new or unforeseen circumstances," such as when "exceptionally good behavior by the defendant . . . render[s] a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). Although a court need not find new or changed circumstances to modify or terminate a defendant's supervised release, such circumstances may justify early termination. United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016) (affirming district court's modification of defendant's supervised release over defendant's objection that the new conditions involved "a greater deprivation of liberty" than reasonably necessary even though there were no "new or changed circumstances").

Exceptionally good behavior is not established by mere compliance with the terms of supervised release, which "is what is expected . . . and does not arrant early termination." Bastien, 111 F. Supp. 3d at 321 (quoting Fenza, 2013 WL 3990914, at *2); see United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law.") Accordingly, courts in this circuit have routinely declined to terminate supervised release based solely on compliance with the terms of supervision. See, e.g., United States v. Lewis, No. 13-CR-487 (CBA), 2020 WL 1275233, at *2 (E.D.N.Y. Mar. 17, 2020); United States v. Gonzales, No. 94-CR-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015); United States v. Rasco, No. 88-CR-817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000); United States v. Brogan, No. 19-CR-207 (NGG), 2021 WL 2313008, at *1 (E.D.N.Y. June 7, 2021) ("Although the court is pleased to learn that [the defendant] has complied with the conditions of supervised

release, the court remains convinced that the seriousness of [the defendant's] offense, as well as the need for both specific and general deterrence warrants [the full term of supervision]").

In the defendant's case, there is no reason for this Court to weigh the § 3553(a) factors differently than it did at sentencing.

The §3553(a) factors support the defendant serving his entire term of supervised release. Before terminating a defendant's supervised release, a court must consider most of the factors enumerated in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e) (listing which factors the court must consider). As relevant here, those factors include: (1) the nature of the crime and the history and characteristics of the defendant; (2) deterrence; (3) protecting the public from further crimes of the defendant; (4) the sentencing guidelines; and (5) avoiding unwarranted sentencing disparities. 18 U.S.C. §§ 3553(a)(1), (2)(B), 2(C), (4), and (6).

The defendant's crime and his criminal history weigh strongly in favor of the defendant serving his entire term of supervised release. The evidence shows that the defendant was engaged in a racketeering conspiracy for almost 30 years. PSR ¶ 14. As recounted above, the defendant murdered an individual (id. ¶ 26), was involved in the murder of others (id. ¶ 22) and was involved in an illegal gambling business (id. ¶¶ 35-36). The defendant's five-year term of supervised release is thus warranted under § 3553(a)(1).

The defendant's term of supervised release also aids in deterrence and protects the public from the defendant's future crimes. As explained above, the defendant has a history of extremely violent crimes and a history of participating in organized crime. Given the defendant's history of criminal conduct, him serving out the remainder of his term of supervision serves the goals of deterrence and public safety. This Court ordered the defendant to serve the maximum allowable term of supervised release under 18 U.S.C. § 3583(b)(1) for good reason.

The defendant makes no argument that his supervised release should be terminated early due to consideration of the sentencing guidelines or due to unwarranted sentencing disparities, all of which Your Honor took into great consideration when imposing the defendant's original sentence. Instead, the defendant argues that there are "hardship" reasons that he should be granted supervised release, pointing to his "age" and "medical issues", including "Scoliosis", "high blood pressure" and "several other maladies". (Dkt. No 1121 at 12.) But age and health alone are not sufficient to grant early termination. See United States v. Lai, 458 F.Supp.2d 177, 177 (S.D.N.Y.2006) (concluding defendant was not entitled to early termination of his three-year term of supervised release, even though defendant was 70 years old and in failing health, had demonstrated good behavior, and wished to return to family in Taiwan). Here, although it is admirable that the defendant has complied with the conditions of supervised release, the seriousness of the defendant's offense, as well as the need for both specific and general deterrence warrants the full term of supervision.

In sum, the §3553(a) factors weigh in favor of the defendant serving his entire supervised release term.

                                        Respectfully submitted,

                                        JACQUELYN M. KASULIS
                                        Acting United States Attorney

By:    /s/ Adam R. Toporovsky
        Adam R. Toporovsky
        Assistant U.S. Attorney
        (718) 254-6475