UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

RONALD FILOCOMO,

                Defendant.

**MEMORANDUM & ORDER**
02-CR-307-31 (S-16) (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Ronald Filocomo's *pro se* motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1). (Mot. for Early Term. ("Mot.") (Dkt. 1121); Reply in Supp. of Mot. (Dkt. 1124).) The Government opposes that motion. (Resp. in Opp. to Early Term. ("Opp.") (Dkt. 1123).) For the reasons that follow, Filocomo's motion is GRANTED.

## I. BACKGROUND

Ronald Filocomo was a longtime associate of the Bonanno organized crime family. On March 15, 2004, Filocomo pleaded guilty to one count of racketeering conspiracy. (Opp. at 1.) On March 25, 2005, this court sentenced Filocomo to 240 months imprisonment followed by five years of supervised release. (Mar. 25, 2005 Min. Entry (Dkt. 885); J. (Dkt. 886).) Filocomo was released from prison on June 12, 2020 and began his supervision period. (Opp. at 2.)

Filocomo contends, and the Government does not dispute, that he served his sentence as a model inmate. He received over 160 certificates for classes completed in custody. (Mot. at 6.) He assisted other inmates, teaching them music and working as their personal trainer. (*Id.* at 5.) He also spoke to children about avoiding a life of crime. (*Id.*)

Filocomo, now 72 years old, resides in Florida with his wife of almost 50 years. (*Id.* at 2, 6.) They attend mass services weekly.

1

(*Id.* at 6.) He is gainfully employed, has complied fully with the terms of supervision, and has served his community in various ways. (*Id.*) For example, during his time in halfway house custody, Filocomo volunteered at food lines to serve the homeless. (*Id.*)

After completing his first year of supervised release, Filocomo brought this motion for early termination of supervised release. He has now completed over 18 months of the five-year term of supervised release.

## II. LEGAL STANDARD

Section 3583(e) provides that a court may, after considering a subset of the factors listed in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "Early termination, however, is not warranted as a matter of course." *United States v. Bastien*, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015).[1] And a defendant's full compliance with the terms of probation, without more, generally does not warrant early discharge from probation. *See United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015); *see also Bastien*, 111 F. Supp. 3d at 321 ("Full compliance with the terms of supervised release is what is expected . . . .").[2]

---

[1] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

[2] The Judicial Conference on Criminal Law has elaborated on 18 U.S.C. § 3583(e)(1)'s statutory criteria and recommended that parole officers evaluate nine factors when deciding whether to approve early termination of supervised release.

"Rather, such relief may 'occasionally' be justified by 'new or unforeseen circumstances,' such as when 'exceptionally good behavior by the defendant . . . renders a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).'" *United States v. Stein*, No. 09-CR-377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

## III. DISCUSSION

After 18 months of supervision, Filocomo argues that early termination of his five-year term of supervised release is appropriate, because the goals of supervision are met and the interests of justice served. (*See* Mot. at 1-2.) The court agrees. Filocomo's conduct in prison and his efforts to integrate into his

---

Those factors are:
1) Stable community reintegration (*e.g.*, residence, family, employment);
2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision;
3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses;
4) No history of violence . . .;
5) No recent arrests or convictions . . .;
6) No recent evidence of alcohol or drug abuse;
7) No recent psychiatric episodes;
8) No identifiable risk to the safety of any identifiable victim; and
9) No identifiable risk to public safety based on the Risk Prediction Index.

Monograph 109, Supervision of Federal Offenders § 380.10(b)(1)-(9); *see Bastien*, 111 F. Supp. 3d at 321 n.5. According to the Government, Filocomo's probation officer determined that early termination was inappropriate because he committed a violent offense and, at the time, had served only one year of supervised release. (Opp. at 2.)

3

community following his release warrant early termination under § 3583(e)(1).

The Government contends that "there is no reason for this Court to weigh the § 3553(a) factors differently than it did at sentencing." (Opp. at 3.) But § 3583(e)(1) permits early termination of supervised release based on "the *conduct* of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1) (emphasis added). The relevant conduct is what the defendant has, or has not, done since the time of sentencing. The Government's approach, which asks the court to disregard over 15 years of post-sentencing conduct, would undermine the purpose of § 3583(e)(1).

Considering the defined § 3553(a) factors in light of Filocomo's conduct in custody and during his release, the court finds those factors do not bar early termination. To be sure, the first factor, the nature and circumstances of the offense and the history and characteristics of the defendant, does weigh against it. *See* 18 U.S.C. § 3553(a)(1). Filocomo served the Bonanno crime family for almost 30 years. He committed serious, violent crimes in its service. But the seriousness of his criminal conduct was reflected in his 240-month term of imprisonment. And Filocomo's conduct in custody, his age, and his move to Florida counterbalance his long criminal history. Thus, although this sentencing factor undercuts Filocomo's bid for early termination, it does not foreclose his requested relief, because no other factor counsels against early termination. *See United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003) ("[A] statement that the district court has considered the statutory factors is sufficient.").

In particular, the next factors, the need for adequate deterrence and to protect the public, do not weigh against early termination. *See* 18 U.S.C. § 3553(a)(2)(B), (C). Filocomo is 72 years old, has served over fifteen years in custody, has removed himself from New York, and disavows his criminal past. Based on those facts,

the court finds that there is little to no specific deterrence value in continuing Filocomo's supervised release, and that he no longer poses a threat to the public.

There are also no general deterrence interests at stake. *See* 18 U.S.C. § 3553(a)(2)(B). No would-be gangster would view this denial of early termination of supervised release as a reason to reconsider that lifestyle. Put another way, if the 240-month term of imprisonment didn't accomplish the goals of deterrence, then requiring Filocomo to serve the full five years of supervised release certainly won't accomplish it now. If anything, early termination here may encourage defendants still in custody to use their time and to reintegrate with their community like Filocomo has by providing a positive incentive for doing so.

Filocomo's conduct exceeds mere compliance with the terms of his release and warrants recognition. He has demonstrated a commitment to his education and growth by completing over 160 courses while incarcerated. And he has found meaningful ways to serve his community while in detention and during the period of supervised release that he has served so far. Considering this conduct and the defined § 3553(a) factors, the court finds that the full five years of supervised release would neither serve the general goals of sentencing nor the interests of justice.

## IV. CONCLUSION

For the reasons explained above, Ronald Filocomo's Motion for Early Termination of Supervised Release [Dkt. 1121] is GRANTED.

SO ORDERED.

Dated:   Brooklyn, New York
         January 12, 2022

                                              /s/ Nicholas G. Garaufis
                                              NICHOLAS G. GARAUFIS
                                              United States District Judge